UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BERNARD CURTIS DAVIS,<br><br>                    Plaintiff,<br><br>       v.<br><br>THOMAS GRABSKI, BRENT JOHNSON, IAN FERNANDO, TOMMIE W. NICHODEMUS, BRENT VAN DYKE, JAMES MAAS, WALTER ROBINSON, JASON BRAY, J&J TOWING COMPANY, HEIMANN (PCSO DEP. #507),<br><br>                    Defendants. | CASE NO. C13-5183 RBL/KLS<br><br>ORDER TO SHOW CAUSE |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff purports to sue several Pierce County deputies, his community correction specialist, and a towing company. ECF No. 1-1. He seeks reimbursement of $437.00, the amount he paid to retrieve his vehicle from the towing company after it was impounded in connection with his arrest. He also seeks "punitive damages, money damages, and injunctive relief where [he] received jail time for a robbery that 'never' occurred." ECF No. 1-1, p. 4.

The Court has reviewed Plaintiff's proposed civil rights complaints and finds that it is deficient. For that reason, the Court declines to serve the complaint. Plaintiff shall show cause why the complaint should not be dismissed. In the meantime, the Court will hold Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) pending Plaintiff's response to this Order

ORDER TO SHOW CAUSE- 1

so that Plaintiff will not incur the $350.00 filing fee debt for a civil rights case (as opposed to the $5.00 filing fee debt for a habeas petition).

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the

ORDER TO SHOW CAUSE- 2

appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff contends that he was arrested on March 19, 2009 for a "strong-armed robbery" of an AM/PM gas station after the robbery victim provided a license plate number that was traced to Plaintiff's vehicle. Plaintiff alleges that without reasonable cause or a warrant, Pierce County Sheriff deputies entered Plaintiff's home, arrested him, and after an unlawful search, seized evidence (including firearms, ammunition, marijuana, and other drug paraphernalia) from his residence. *Id.,* pp. 7-8. The deputies also impounded his vehicle. *Id.*, p. 8. Plaintiff claims that the impoundment of his vehicle was an unlawful seizure in violation of his Fourth Amendment rights. ECF No. 1-1, p. 11.

Attached to Plaintiff's complaint are copies of a Notice of Vehicle Impound dated April 10, 2009, Notice of Right of Redemption and Opportunity for Hearing, Acknowledgement of Person Redeeming Vehicle (signed by Plaintiff's mother), Notice of Custody and Sale of Abandoned Vehicle, J&J Towing invoice in the amount of $437.00, and copy of a certified mail receipt addressed to Mr. Davis. ECF No. 1-1, pp. 44-52.

**A.     Lack of Probable Cause/Unlawful Search and Seizure**

It is not clear from Plaintiff's pleading whether he is currently incarcerated for the crimes for which he was arrested on March 19, 2009. In his complaint, Plaintiff states that he received jail time for a "robbery that never occurred." *Id.*, p. 4. To the extent Plaintiff seeks an earlier release from confinement and/or damages relating to his continued confinement, Plaintiff's action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his incarceration is through a habeas corpus petition, which he must first file in state court. Plaintiff

ORDER TO SHOW CAUSE- 3

does not allege that he has done so nor does he allege that his conviction or sentence have been reversed or otherwise declared invalid.

Thus, it appears that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  In *Heck*, the United States Supreme Court held that a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.  "Heck, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996).  The § 1983 action "is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Thus, to the extent Plaintiff seeks release from his confinement or damages related to his "jail time," his actions are not cognizable under 42 U.S.C. § 1983 and must be dismissed.  He alleges that he was charged with and convicted of a robbery.  He challenges the validity of the search and seizure that led to his arrest.  However, he makes no allegation or showing that his confinement has been invalidated or impugned in any respect.  Because the successful pursuit of plaintiff's challenges would necessarily imply the invalidity of his conviction, his claims are barred by *Heck*.  *See, e.g., Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir.2000) ("[A] § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based

ORDER TO SHOW CAUSE- 4

does not accrue until the criminal charges have been dismissed or the conviction has been overturned."), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir.1998) (false arrest and imprisonment claims barred by *Heck* given that success on those claims would require a demonstration of a lack of probable cause for the arrest and a finding of no probable cause would necessarily imply invalidity of conviction).

Plaintiff is ordered to show cause why his claims relating to his conviction and jail time for robbery should not be dismissed for failure to state a claim.

**B.     Claim for Impound Charges**

Plaintiff's claim for the impound charges he had to pay to retrieve his vehicle from J&J Auto Repair is not cognizable under Section 1983 because Washington law provides a remedy for the return of property for persons aggrieved by an unlawful search and seizure. See, CrR 2 .3(e):

> Motion for Return of Property. A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof. If the motion is granted the property shall be returned.  If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

Records attached to Plaintiff's complaint reflect that he received notice of his right of redemption and was advised of his right to a hearing pursuant to Washington law. *See, e.g.,* ECF No. 1-1, p. 45. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1983); *Parratt v. Taylor*, 451 U.S. 527, 541-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1982), *overruled in part on other grounds, Daniels v. Williams*, 474, U.S. 327 (1986) (unauthorized intentional deprivation of property by a state employee does not give rise to a violation of the

ORDER TO SHOW CAUSE- 5

Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law).

**C.     Claim Against J&J Towing Company**

Plaintiff also cannot sue a private actor such as J&J Towing Company in a federal Section 1983 case.  As noted above, to state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed *by a person acting under color of state law* and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt*, 451 U.S. at 535 (emphasis added).  Generally, private actors are not acting under color of state law.  *See Price v. Hawaii,* 939 F.2d 702, 707-08 (9th Cir.1991).  In order to determine whether a private actor acts under color of state law for § 1983 purposes, the Court looks to whether the conduct causing the alleged deprivation of federal rights is fairly attributable to the state. *Id.* (citing *Lugar v. Edmundson Oil Co., Inc*., 457 U.S. 922, 937 (1982)).  Conduct may be fairly attributable to the state where (1) it results from a governmental policy and (2) the defendant is someone who fairly may be said to be a governmental actor.  *Sutton v. Providence St. Joseph Med. Ctr*., 192 F.3d 826, 835 (9th Cir.1999) (citing *Lugar*, 457 U.S. at 937).  A private actor may be considered a governmental actor "because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Lugar*, 457 U.S. at 937.

Here, Plaintiff has not alleged facts from which it may be fairly determined that J&J Towing was acting under color of state law and therefore, Plaintiff must show cause why claims against this entity should not be dismissed.

Plaintiff is **ORDERED** to show cause why the Court should not deny his application to proceed *in forma pauperis* and dismiss this case as frivolous.  Plaintiff must file a response with

ORDER TO SHOW CAUSE- 6

this Court on or before **April 26, 2013.** If he fails to do so, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**DATED** this  28th  day of March, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE- 7